*I.B. v. Frederick County Department of Social Services*, No. 1497, September Term, 2016. Opinion by Sharer, J.

**FAMILY LAW – INDICATED CHILD NEGLECT – IMPLIED ELEMENT OF SCIENTER**

The Family Law Article § 5-701 definition of "Neglect" is distinguishable from the statute's definition of "Abuse" and does not imply the same element of scienter. The Court of Appeals's decisions in *Taylor v. Harford Cty. Dep't of Soc. Servs.*, 384 Md. 213 (2004) and *McClanahan v. Washington Cty. Dep't of Soc. Servs.*, 445 Md. 691 (2015), holding the element of scienter is implicit in findings for both indicated child abuse – physical injury and for indicated child abuse – mental injury, respectively, do not extend to findings of indicated child neglect. The language of the COMAR provision that supported an implicit element of scienter for child abuse, where the contact was "accidental and unintended," is not found under the same COMAR provision for child neglect regulations.

**ADMINISTRATIVE LAW – SUMMARY DECISION – HEARING REQUIREMENT – STATUTORY ESTOPPEL**

The ALJ did not err in granting summary decision, dismissing father's administrative appeal of an indicated child neglect finding, following his guilty plea to a related criminal charge that arose out of the indicated child neglect pursuant to Md. Code, Family Law § 5-706.1(b)(3)(ii). Under the statute, when DSS moved for summary decision to dismiss the administrative appeal based on the finding of guilt of the related criminal charge and presented uncontroverted evidence that the finding of guilt of the related criminal charge arose out of the same finding of indicated neglect, the ALJ was deprived of the discretion to rule other than to dismiss the appeal.

**ADMINISTRATIVE LAW – SUMMARY DECISION – FACTUAL SUPPORT – PRESERVATION**

An issue alleging a dispute of material fact not presented to the ALJ for its initial consideration of a motion for summary decision of an administrative appeal may not later be asserted for the first time on judicial review of the ALJ's decision.

Circuit Court for Frederick County
Case No. 10-C-16-000236

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1497

September Term, 2016

_____

I.B.

v.

FREDERICK COUNTY DEPARTMENT OF
SOCIAL SERVICES

_____

*Woodward, C.J.,
 Reed,
 Sharer, J. Frederick
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Sharer, J.

_____

Filed: November 29, 2018

*Woodward, J., now retired, participated in the
hearing and preparation of this opinion, and
participated in the Court's decision to designate
this opinion for publication pursuant to Md.
Rule 8-605.1, while an active member of this
Court and as its Chief Judge.

 Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document * authentic.



Suzanne C. Johnson, Acting Clerk

Appellant, I.B.[1], seeks reversal of an order of the Circuit Court for Frederick County affirming the grant of summary decision, entered by an Administrative Law Judge, finding an "indication of child neglect" sought by the Frederick County Department of Social Services (DSS), appellee. In his timely appeal, I.B., questions: (1) the sufficiency of the evidence to support a summary decision by the ALJ; (2) the failure of the ALJ to hold a hearing on his motion; and (3) whether intent is a requisite element of neglect under Maryland Code (1984, 2012 Repl. Vol., 2015 Supp.), Family Law Article (FL) § 5-701.[2]

## I. BACKGROUND

The underlying facts are not in dispute. In July 2015, I.B. took his children to church, unintentionally leaving his infant daughter in her car seat in the back of the car, on a hot day with the front windows slightly open. Authorities were called, who removed the child from the car. I.B. acknowledged that, while attending to the other children, he had forgotten that his daughter was in the car. The incident was reported to DSS, which

---

[1] In keeping with this Court's policy of protecting privacy in cases involving children, and in response to appellant's Motion to Reconsider/Revise, we identify appellant by initials only.

[2] All subsequent statutory references, unless otherwise indicated, shall be to the Family Law Article of the Maryland Code (1984, 2012 Repl. Vol., 2015 Supp.), which reflects the version of the relevant statutes in effect at the time of the incident. Similarly, all references to the Code of Maryland Regulations (COMAR), unless indicated otherwise, shall be to the 2015 version of COMAR, which reflects the version of the regulations in effect at the time of the incident.

initiated an investigation, ultimately making a finding of indicated[3] child neglect.[4]  I.B. requested a contested case hearing pursuant to FL § 5-706.1(b)(1), but, as provided by the statute, that proceeding was stayed pending the outcome of the pending criminal case, in which I.B. was charged with neglect of a minor[5] and confinement of a minor in an unattended vehicle.[6]  The State *nol prossed* the child neglect charge and I.B. pleaded guilty to confinement of a minor, a misdemeanor, subjecting the offender to both a monetary fine and imprisonment.  He was afforded probation before judgment.[7]

Following disposition of the criminal charges, the stay was lifted in the family law proceeding.  DSS moved for summary decision to dismiss the request for hearing based on the finding of guilt in the criminal proceeding, pursuant to FL § 5-706.1(b)(3)(ii).  I.B. opposed the summary decision on the ground that the criminal charge was not similar to

---

[3] FL § 5-701 defines "Indicated" as "a finding that there is credible evidence, which has not been satisfactorily refuted, that … neglect … did occur."  FL § 5-701(m).

[4] FL § 5-701 defines "Neglect" as the "leaving of a child unattended or other failure to give proper care and attention to a child by any parent … of the child under circumstances that indicate … that the child's health or welfare is harmed or placed at substantial risk of harm[.]"  FL § 5-701(s)(1).

[5] Maryland Code (2002, 2012 Repl. Vol.), Criminal Law Article § 3-602.1(b), Neglect of a Minor.

[6] Pursuant to FL § 5-801(a), for the confinement of a minor:

> A person who is charged with the care of a child under the age of 8 years may not allow the child to be locked or confined in a … motor vehicle while the person charged is absent and the … motor vehicle is out of the sight of the person charged ….

[7] In granting I.B. probation before judgment, the District Judge observed: "You have no prior criminal record.  I'm sure it was unintentional."

2

the family law neglect offense and that the criminal court did not find him guilty of neglect. The ALJ issued a summary decision granting DSS's motion, relying on the fact that I.B. (1) failed to dispute any evidence that the finding of indicated neglect was based on the same incident as the guilty plea charge,[8] and (2) the provisions of FL § 5-706.1(b)(3)(ii).[9]

## ALJ's Findings and Decision

The ALJ's decision on the motion for summary decision was fully developed and supported in its written decision, but did not detail the sufficiency of the DSS's finding of "indicated neglect." Rather, the ALJ focused on what was undisputed and relevant to the question of whether dismissal of the administrative appeal was appropriate. The ALJ found:

1. On July 27 [sic], 2015, the Local Department [DSS] received a report of an unattended child found alone within a car at 9:30 a.m. The car with the unattended child inside was parked at [I.B.'s] family church parking lot.

2. The unattended child found inside the car is the biological child of [I.B.].

3. The unattended child resided with [I.B.], [its] biological mother and siblings.

---

[8] Several times in its written decision, the ALJ mentioned I.B.'s failure to "submit any affidavit or exhibits with [his] answer to the motion."

[9] FL § 5-706.1(b)(3)(ii) provides:

> If after a final disposition of the criminal charge, the individual requesting the hearing is found guilty of any criminal charge arising out of the alleged abuse or neglect, the Office of Administrative Hearings shall dismiss the administrative appeal.

3

4. On August 12, 2015, the Local Department notified [I.B.] that it made a finding of indicated child neglect of the unattended child.

5. On September 22, 2015, the District Court for Frederick County, Maryland found [I.B.] guilty and convicted him for confining an unattended child, pursuant to Md. Code Ann., Family Law § 5-801 (2012). [I.B.] was sentenced to probation before judgment, with supervised probation ending on September 22, 2016.

Based on those factual findings and the lack of evidence to the contrary, the ALJ determined that

the undisputed evidence shows that [I.B.] was found guilty of a criminal charge that arose out of the incident of July 26, 2015. The undisputed evidence also shows that the Local Department's finding of indicated neglect was based upon the same incident. Family Law section 5-801; Family Law 5-706.1(b)(3)(ii) (2012 Rpl. Vol.). I find, therefore, as a matter of law, that the Local Department's motion for summary decision must be granted. COMAR 28.02.01.12D.

I.B. sought judicial review of the ALJ's decision, which was affirmed by the circuit court.

**Appellant's Questions**

I.B. presents three questions for our review of the ALJ's dismissal of the administrative appeal of the finding of "indicated" child neglect. First, I.B. challenges the sufficiency of the factual record to support the ALJ's grant of the summary decision. Second, he questions whether Maryland law requires a hearing to be held when one of the requisite elements for a finding of abuse or neglect is contested, and when the element in question was not adjudicated in the related criminal proceeding. Finally, I.B. asks this Court to determine whether an implied element of intent or scienter, found by case law in

4

the related child abuse statute of the Family Law Article, exists in the neglect statute of that same article.

## Standard of Review

We have recently explained the appropriate standard for reviewing agency decisions:

> It is "[b]ecause an appellate court reviews the agency decision under the same statutory standards as the circuit court," *Consumer Prot. Div. v. George*, [383 Md. 505, 512] (2004) (quotations and citation omitted), that "we analyze the agency's decision, not the [circuit] court's ruling." *Martin v. Allegany County Bd. of Educ.*, [212 Md. App. 596, 605] (2013) (citation omitted). We are "'limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law.'" *W.R. Grace & Co. v. Swedo*, [439 Md. 441, 453] (2014) (quoting *Bd. of Physician Quality Assur. v. Banks*, [354 Md. 59, 67–68] (1999)).

*Mihailovich v. Dep't of Health & Mental Hygiene*, 234 Md. App. 217, 222 (2017), *cert. denied*, 457 Md. 396 (2018).

The entry of a summary decision is, in our view, akin to summary judgment on review of which "we are concerned with whether there was a dispute as to any material fact and, if not, whether the movant was entitled to judgment as a matter of law." *Casey v. Grossman*, 123 Md. App. 751, 765 (1998). It is to this end, that we must "construe the facts properly before the court, and any reasonable inferences that may be drawn from them, in the light most favorable to the non-moving party[.]" *Powell v. Breslin*, 195 Md. App. 340, 346 (2010) (citations omitted), *aff'd*, 421 Md. 266 (2011). In our review of a grant of summary judgment "we examine 'the same information from the record and determine the same issues of law as the trial court.'" *Cent. Truck Ctr., Inc. v. Cent.*

5

*GMC, Inc.*, 194 Md. App. 375, 387 (2010) (quoting *La Belle Epoque, LLC v. Old Europe Antique Manor*, 406 Md. 194, 209 (2008)). "If no material facts are in dispute, the appellate court must determine whether the trial court correctly entered summary judgment as a matter of law." *Id.* (citation omitted).

## DISCUSSION

### 1. Factual Support

I.B. first argues that the factual record does not support the ALJ's decision to enter a summary decision to dismiss the appeal. He contends that the exhibits relied upon by DSS to support its motion to dismiss were "wholly deficient regarding the conviction, and contain inconsistencies and inaccuracies that require a contested hearing[.]"

DSS responds, first, that I.B.'s dispute of material fact argument was not addressed in his response to the DSS's motion for summary decision, hence, it was not preserved. It avers that the requirements of COMAR 28.02.01.12D, governing motions for summary decision, require a responding party to identify all disputed material facts at issue. Since I.B. failed to identify a dispute of material fact in his response, DSS argues, he has waived the ability to assert it later on judicial review. Alternatively, DSS argues that even had I.B. not waived this argument, the disputed facts he proffers were not material to the ALJ's decision.

The COMAR motion for summary decision provisions are clear that a response to such a motion "*shall* identify the material facts that are disputed." COMAR 28.02.01.12D(2) (emphasis added). I.B. did not present any dispute of material facts before the ALJ; rather, he focused on how the criminal charge was not based on neglect

6

and did not share the same elements. Judicial review of an agency decision is limited to evidence and issues presented from the record before it. *See also* Md. Code, State Gov't § 10-214(a) (providing that, on judicial review "[f]indings of fact must be based exclusively on the evidence of record in the contested case proceeding and on matters officially noticed in that proceeding"). Therefore, I.B.'s belated attempt to challenge the previously uncontested facts and evidence presented to the ALJ, for the first time in his petition and memorandum in support of judicial review, is without merit. *See Allmond v. Dep't of Health & Mental Hygiene*, 448 Md. 592, 606 (2016) (reiterating "that questions, including Constitutional issues, that could have been but were not presented to the administrative agency may not ordinarily be raised for the first time in an action for judicial review" (quoting *Bd. of Physician Quality Assur. v. Levitsky*, 353 Md. 188, 207-08 (1999))).

Notwithstanding that failure, neither FL § 5-706.1(b)(3)(ii)**,** nor the related COMAR provision, 07.02.26.06C(1), limit what criminal charges relating to the indicated neglect are dispositive of an administrative appeal based on a finding of guilt. *See* FL § 5-706.1(b)(3)(ii) ("If after final disposition of the criminal charge, the individual requesting the hearing is found guilty of *any* criminal charge arising out of the alleged abuse or neglect, the Office of Administrative Hearings *shall* dismiss the administrative appeal." (emphasis added)). *See also* COMAR 07.02.26.06C(1)[10] (tracking the language

---

[10] COMAR 07.02.26.06C has since been amended to provide further clarification that, if appellant is "[f]ound guilty of any criminal charges arising out of the alleged child abuse or neglect, *including being found guilty and receiving probation before judgment or*

of the statute: "If, after final disposition of the criminal proceeding, the appellant is[ ] … [f]ound guilty of *any* criminal charges arising out of the alleged child abuse or neglect, OAH *shall* dismiss the appeal[.]" (emphasis added)).

Therefore, when DSS moved for summary decision to dismiss the administrative appeal based on the finding of guilt of the related criminal charge and presented uncontroverted evidence that the finding of guilt of the related criminal charge arose out of the same finding of "indicated neglect," the ALJ was deprived of the discretion to rule other than to dismiss the appeal. In his generic response, without particularity, to the DSS motion to dismiss, I.B. failed to assert the existence of any evidence to controvert that which was presented by DSS and cannot now challenge the sufficiency of the evidence relied on by the ALJ.

## 2. Hearing Requirement

Next, I.B. argues that, if an element necessary for a finding of neglect is in dispute and was not adjudicated in the criminal proceeding, a hearing is required. In support, he relies on *Tabassi v. Carroll Cty. Dep't of Soc. Servs.*, 182 Md. App. 80 (2008). Tabassi sought judicial review of an ALJ's grant of DSS's motion to dismiss based on the finding of guilt in a related criminal proceeding.

While a search warrant was being executed at Tabassi's home, loaded guns were located next to a bed where a 12-year-old girl, unrelated to Tabassi, was sleeping. 182 Md. App. at 83-84. DSS noted a finding of indicated neglect, and related criminal

_____

*taking an Alford plea*, OAH shall dismiss the appeal." COMAR 07.02.26.06C(1) (2018) (emphasis added).

charges were filed arising out of those facts. *Id.* at 83. Tabassi was convicted of reckless endangerment and firearms access by minors. *Id.* at 85. Thereafter, DSS moved to dismiss his request for a contested hearing. *Id.* Based on the criminal conviction, the ALJ dismissed his request. Tabassi then sought judicial review, resulting in affirmance of the ALJ's decision. *Id.*

On appeal, we vacated the circuit court's order and remanded with directions for the ALJ to hold further proceedings on the question of Tabassi's status as a custodian of the child. *Id.* at 93. We held that

> dismissal of an alleged abuser or neglector's administrative appeal is warranted where an accused is found guilty of criminal charges stemming from the same conduct that serves as the basis for a finding of abuse or neglect and the requisite status of the individual to the child has been adjudicated or is not disputed.

*Id.* At the administrative level, Tabassi's status as to the child was contested and had not been determined.

I.B. reads into our holding in *Tabassi* that, when the elements of the criminal charges are different from the Family Law offenses and if an element of the Family Law offense was not adjudicated in the criminal proceeding, a hearing should be afforded to adjudicate it in the ALJ's proceeding. He fails, however, to recognize that his failure to timely contest any of the facts asserted or evidence offered concerning the elements of indicated child neglect against him. His reliance on *Tabassi* is misplaced.

The essence of our *Tabassi* holding is that all elements of indicated neglect, said to be disputed, are to be resolved at the administrative stage of the proceedings. Because

9

I.B. raised no disputed facts, and because there is no dispute that he is the child's parent, *Tabassi* is factually inapposite to the arguments that he raises.

### 3. Intent

I.B.'s final argument is that, even if all the elements of the confinement of a minor criminal charge were identical to the elements of neglect, there is an implicit requirement of some level of intent to neglect, which he lacked. To support this argument, he refers to *Taylor v. Harford Cty. Dep't of Soc. Servs.*, 384 Md. 213 (2004) and *McClanahan v. Washington Cty. Dep't of Soc. Servs.*, 445 Md. 691 (2015). It is important to note however, that both *Taylor* and *McClanahan* were cases dealing with findings of criminal child abuse and did not involve dismissal of administrative appeals pursuant to FL § 5-706.1(b)(3).

Taylor, in anger, kicked a stool which unintentionally struck his daughter resulting in injuries that required medical treatment. 384 Md. at 217. A DSS investigation ensued, which resulted in a finding of indicated child abuse. *Id*. at 216-218. Following a contested case hearing, the ALJ affirmed the finding of abuse. *Id.* at 218-20. Judicial review also resulted in affirming the finding of abuse. *Id.* at 221. On appeal, the Court of Appeals noted that the ALJ failed to consider "an absence of intent to harm," a consideration allowed under COMAR 07.02.07.12C(2)(a)(i) (2004)[11] for "Ruled Out

---

[11] The provisions for disposition of child abuse have since been amended and renumbered and are now found in COMAR 07.02.07.11. The provisions for "Ruled Out Child Abuse" have been amended to afford, in relevant part, that a finding of ruled out child abuse can be based on "[a] finding that the alleged maltreator was not responsible for the injury for reasons [that] … [t]he injury resulted from accidental and unintended contact

Child Abuse." *Id*. at 226-27. Because of that provision, and Taylor's lack of intent to harm his child when kicking a stool in anger, the Court held that "the intentional act must be shown to have been either reckless in its nature or deliberately intended to harm the child in order for a finding of 'indicated child abuse' to be made." *Id*. at 232.

In *McClanahan*, *supra*, DSS was alerted to several repeated allegations of sexual abuse of a minor child by the father. 445 Md. at 695. DSS determined that in the course of a custody dispute, the child's mother appeared to have been continuously manipulating the child into believing that she had been assaulted by the father. *Id*. at 696-97. As a result, the child developed behavioral and emotional problems, forming the basis of a finding of indicated child abuse – mental injury – and indicated child neglect. *Id*. at 697. Following a hearing, the ALJ affirmed the DSS finding of indicated child abuse – mental injury – but modified the finding of indicated child neglect to "ruled out child neglect." *Id*. at 696-97. On judicial review, the circuit court affirmed the ALJ's decision. *Id*. at 697-98.

On appeal, the Court of Appeals engaged in an analysis of whether a parent can be liable for child abuse of the mental injury variety when there was no intent to harm the minor child. 445 Md. at 700. In its discussion, the Court addressed statutory interpretation, as well as its holding in *Taylor,* concluding that "[b]ecause FL § 5-701(b) does not differentiate between mental injury and physical injury, we do not interpret Subtitle 7 to sanction a regulation in which a parent can be deemed a child abuser for

with the child and was not caused by a reckless disregard for the child's health or welfare[.]" COMAR 07.02.07.11C(2)(c)(i) (2018).

11

unintentionally causing mental injury but not liable for unintentionally causing physical injury." *Id.* at 706 (footnote omitted). Because of the lack of distinction, the Court held that "to be included as a 'child abuser' in [the] central registry, a person must either intend to injure the child or at least act in reckless disregard of the child's welfare." *Id.* at 711.

Relying on *Taylor* and *McClanahan*, I.B. posits that, because the child abuse and child neglect definitions are found under the same provision of the Family Law statute, intent is also an implicit requirement for a finding of child neglect. For support, he relies on this Court's legislative intent analysis in *Tabassi* and asserts, "[t]he fact that the definitions for 'Abuse' and 'Neglect' are housed in the same statute,[12] suggest that they are to be interpreted together in the context, as one element of a whole … in order to harmonize and reconcile the statutory provisions." (Internal quotations omitted)**.**

DSS responds in a footnote that this argument was not preserved and that the ALJ did not "base [its] decision on an interpretation of what constitutes neglect."

Even if we were to find that the argument was preserved for review, we would find a significant distinction between the COMAR provisions for neglect and abuse in terms of intent. DSS need not prove intent in order to establish neglect. *See In re Priscilla B.*, 214 Md. App. 600, 621, 625 (2013) (discussing the identical definition of

---

[12] The "same statute" I.B. refers to in this regard is FL § 5-701 – Definitions, which houses over 20 definitions for various words used throughout Subtitle 7 of the Family Law Article. As such, we place no significance on the fact that the definitions for "Abuse" and "Neglect" are both found in the same statute that contains relevant definitions for the entire Subtitle.

"neglect" in CINA cases, explaining that, while "neglect might not involve affirmative conduct … [like abuse], the court assesses neglect by assessing the *inaction* of a parent[,]" because "a child can be harmed as severely by a failure to tend to her needs as by affirmative abuse"). To the contrary, a successful prosecution of child abuse must establish proof of intent. *See McClanahan*, 445 Md. at 711 (holding that "a person must either intend to injure the child or at least act in reckless disregard of the child's welfare"). *Accord Taylor*, 384 Md. at 232 (holding that an "intentional act must be shown to have been either reckless in its nature or deliberately intended to harm the child in order for a finding of 'indicated child abuse' to be made").

The COMAR provisions discussing neglect do not contain the same language as those discussing abuse, which the Court of Appeals had relied on in *Taylor* and *McClanahan* to support its determination that intent was an implicit element of both physical and mental child abuse. *See Taylor*, 384 Md. at 226 ("accidental or unintentional and not reckless or deliberate" (quoting COMAR 07.02.07.12C(2)(a)(i) (2004)); *McClanahan*, 445 Md. at 704 ("accidental and unintended and … the injury was not foreseeable" (quoting COMAR 07.02.07.12C(2)(a)(i) (2015)). [13]

---

[13] At the time of the incident and DSS findings, the COMAR provisions for disposition of child abuse were located under 07.02.07.12 and the language, "the act causing the injury was accidental or unintentional and not reckless or deliberate," from the earlier version of COMAR 07.02.07.12C(2)(a)(i) (2004), had been amended to provide, "[t]he contact with the child was accidental and unintended and under the circumstances, the injury was not foreseeable[.]" COMAR 07.02.07.12C(2)(a)(i)(2015) (emphasis added). The current version of this provision has been renumbered and amended, now located in COMAR 07.02.07.11, providing in relevant part, "accidental and unintended contact with the child

During an investigation of indicated child neglect, other than for mental injury, the considerations taken into account for the particular context and circumstances of the incident are "[t]he nature, extent, or cause of the failure to provide proper care and attention indicate that the child's health or welfare was harmed or was at substantial risk of harm." COMAR 07.02.07.13A(d). However, once the four elements of indicated child neglect, including the contextual considerations, have been found to exist, the Court of Appeals has explained, such a finding is only the beginning of the inquiry. *See Taylor*, 384 Md. at 231 (finding that, "[i]n assessing the dispositions of investigation delineated in COMAR 07.02.07.12, it is incumbent upon the ALJ to examine *all* the evaluative standards contained within this regulation[,]" to ensure that neither an "Unsubstantiated" nor a "Ruled–Out" finding apply).[14]

Within the COMAR provisions referring to "Ruled Out Child Neglect," a decision that has ruled out a child neglect finding could be based on reliable evidence that: "(1) There was no failure to provide proper care and attention; (2) The child's health or welfare was not harmed or at substantial risk of being harmed; (3) The individual alleged to be responsible … was not a parent or a caretaker; or (4) The alleged victim was not a

---

and was not caused by a reckless disregard for the child's health or welfare[.]" COMAR 07.02.07.11C(2)(c)(i) (2018).

[14] As I.B. does not discuss the factors for an "Unsubstantiated" finding, we need not address those provisions.

child at the time ….'' COMAR 07.02.07.13C(1)-(3) (2015).[15] It is clear from the four limited scenarios under which child neglect may be "ruled out," the words "accidental and unintended," as they were found in the equivalent child abuse provisions, are absent. Consequently, I.B.'s attempt to expand the definition of neglect to mirror the intent requirements established by the Court of Appeals for the definition of abuse, is to no avail.

Because the standards of proof of neglect *vis-à-vis* abuse were, and continue to be, demonstrably disparate regarding intent or scienter, neither *Taylor* nor *McClanahan* form a basis for the relief I.B. seeks. *See also Tamara A. v. Montgomery Cty. Dep't of Health & Human Servs.*, 407 Md. 180, 194 (2009) (clarifying the meaning of FL § 5-706.1(b)(3)(ii), that a "[c]onviction, in other words, *does* act as an absolute statutory bar to further prosecution of the administrative appeal" (emphasis in original)).

Because the statute is clear that, following a criminal conviction based on the same facts that support indicated child neglect, dismissal of the administrative process "shall" be ordered, we are constrained to affirm.

> **JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY AFFIRMED; COSTS ASSESSED TO APPELLANT.**

---

[15] The COMAR provisions for disposition of child neglect are now located under 07.02.07.12 and provide, in relevant part, that a decision that rules out a child neglect finding can be based on either "[a] lack of credible evidence supporting one or more elements of indicated child neglect; or … [t]he credible refutation of one or more elements of indicated child neglect." COMAR 07.02.07.12C(2)(a)-(b) (2018).